Joshua W. Carden, SBN 021698
Joshua Carden Law Firm, P.C.
16427 North Scottsdale Road, Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com
(480) 454-1100
(480) 454-1101 (Fax)
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marlo Przeor,<br><br>                    Plaintiff,<br><br>v.<br><br>Brycon Corporation,<br><br>                    Defendant. | **ORIGINAL COMPLAINT** |

By and through the undersigned counsel, Plaintiff Marlo Przeor (rhymes with "Frazier") files this Complaint against Defendant Brycon Corporation and pleads as follows:

## NATURE OF THE CASE

1. This is a misclassification and failure to pay overtime case under the FLSA. Plaintiff was classified as exempt, despite her job duties performing tasks that do not meet exempt status requirements under the FLSA or its interpretive regulations.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. The unlawful employment practices described herein were committed within the State of Arizona, on Defendant's premises located in Maricopa County, State of Arizona.

4. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Arizona and an "employee" of Defendant as defined in 29 U.S.C. § 203(e).



6. Defendant Brycon Corporation is a New Mexico corporation, authorized to do business, and doing business, in Maricopa County, Arizona.

7. At all times relevant hereto, Brycon Corporation a) was Plaintiff's "employer" under the FLSA; and b) grossed more $500,000 in annual revenue; and/or was engaged in interstate commerce.

## FACTUAL BACKGROUND

8. Defendant Brycon is a large subcontractor in the construction industry, frequently performing significant construction and cleanroom services for high-tech companies such as Intel and Tesla.

9. Defendant Brycon is headquartered in New Mexico, with a major office in Arizona.

10. Defendant employed Ms. Przeor in the Arizona office beginning in 2012.

11. Ms. Przeor still works for Defendant and enjoys her job, the supervisors she works for, and her co-workers.

12. Ms. Przeor original worked for Brycon in "Document Control" as a non-exempt employee.

13. In August 2015, Brycon sent Ms. Przeor to Israel for a project.

14. In Israel, Ms. Przeor did not perform functions or hold a position that would make her an "exempt employee" according to the FLSA and its regulations.

15. Yet, on or about August 2, 2015, Brycon classified Ms. Przeor as an "exempt employee" under the FLSA and paid her a salary equivalent to $26.00 per hour for 50 hours per workweek.

16. While in Israel, Ms. Przeor often worked more than 50 hours per workweek, but received no compensation for those extra hours or overtime pay.

17. In early November 2015, Ms. Przeor's Brycon supervisor informed her that she should put down and receive "overtime pay" (more accurately, just "straight time" for actual hours worked), as Brycon had budgeted for it.

18. On or about November 9, 2015, Ms. Przeor began receiving straight time for all hours worked in any given workweek.



19. Ms. Przeor returned from Israel in March 2016.

20. At that time, she was then assigned to work on Brycon's projects for Tesla in Reno, Nevada.

21. Brycon requested her to serve as a Building Information Modeling (BIM) Modeler, but titled her a "Project Engineer."

22. Her pay increased to $28.00, now for only 40 hours each week.

23. Ms. Przeor still regularly worked more than 50 hours each workweek.

24. Again, despite her given title of "Project Engineer," neither Ms. Przeor's functions nor duties would have qualified her as exempt under the FLSA or its regulations.

25. Brycon's BIM modelers working in Arizona were non-exempt.

26. Brycon expected Ms. Przeor to work at least ten hours per day, five days per week.

27. However, Brycon only allowed her to put 8 down on the time sheet as an "exempt employee."

28. On or about April 17, 2017, Ms. Przeor returned to work for Brycon at its Arizona location (affiliated with an Intel site).

29. She is still expected to work 50 or more hours per workweek, but is only paid for 40 per workweek.

30. "Project Engineer" remains her current job title.

31. Brycon still classifies her as an exempt employee under the FLSA.

32. However, Ms. Przeor still does not perform functions or duties that would qualify her as an exempt employee.

33. Ms. Przeor does not supervise other employees.

34. Ms. Przeor does not possess a high level of discretion or exercise independent judgment or supervise others in the performance of her duties.

35. Her primary duties involve transferring data provided by others into and out of existing computer programs (such as the modeling program AutoCad), and relaying information as a go-between for supervisory team members.

36. In July 2017, Ms. Przeor contacted Brycon's HR in New Mexico regarding her



misclassification, particularly during the time she was stationed at Tesla.

37. Brycon has not resolved the classification issue.

38. Plaintiff performs work largely clerical in nature for Defendant.

39. Plaintiff has received no overtime compensation for hours worked in excess of 40 in any workweek.

40. Defendant was and is fully aware of Plaintiff's extra hours.

41. Defendant requested and continues to request that Plaintiff worked the extra hours.

42. Upon information and belief, the reason Defendant paid Plaintiff a salary was to obtain the extra work and still avoid paying Plaintiff overtime.

43. Upon information and belief, Defendant failed to keep time records for Plaintiff.

44. Upon information and belief, Defendant was well aware of its obligations under federal law regarding minimum wage, overtime, and timekeeping requirements.

45. Plaintiff has retained the undersigned to represent her in this litigation and has agreed to pay reasonable attorney's fees for services rendered in the prosecution of this action on her behalf.

46. All conditions precedent to this suit have occurred or been excused.

## FIRST CAUSE OF ACTION - VIOLATION OF THE FAIR LABOR STANDARDS ACT

47. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

48. At all times relevant to this action, the Plaintiff was employed by Defendant.

49. Plaintiff was a non-exempt employee under the FLSA, whom Defendant suffered or permitted to work.

50. While employed with Defendant and, at Defendant's instruction, Plaintiff consistently and regularly worked and works more than 40 hours per workweek.

51. Defendant has intentionally failed to pay Plaintiff overtime wages for all hours worked in excess of 40 in any given workweek in direct violation of the FLSA, 29 U.S.C. §§ 206 & 207.



4

52. Defendant's conduct in violation of the FLSA was willful and taken without good faith.

53. Defendant's conduct has caused Plaintiff harm.

54. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime in accordance with § 206 of the FLSA.

55. Under 29 U.S.C. § 207, Defendant is also liable to Plaintiff for an amount equal to one and one-half times minimum wage for each hour of overtime worked per week since returning from Israel.

56. In addition to the amount of unpaid wages owed, Plaintiff is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendant as follows:

A. Declaring that the actions of Defendant violated federal law, rendering them jointly and severally liable for all damages herein;

B. Awarding Plaintiff overtime under the FLSA equal to one and one-half times the proper hourly rate for all of the Plaintiff's time worked for Defendant in excess of 40 hours in any given workweek;

C. Awarding Plaintiff liquidated damages in an amount equal to that determined to be unpaid overtime under the FLSA;

D. Awarding Plaintiff pre-judgment interest;

E. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to state and federal statutes;

F. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

G. For such other and further relief as the Court deems just and proper.



Respectfully submitted on this 19th day of September, 2017,

Joshua Carden Law Firm, P.C.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorney for Plaintiff*
*Marlo Przeor*
